IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL EDWARDS, | * | |
| Petitioner, | * | Civil Action No. RDB-10-3100 |
| v. | * | Criminal Action No. RDB-08-600 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

On November 5, 2009 Petitioner Samuel Edwards ("Petitioner" or "Edwards") pled guilty to possession with intent to distribute a controlled substance under 21 U.S.C. § 841 (a)(1), (b)(1)(C) and was sentenced by this Court to a term of imprisonment of one-hundred and twenty (120) months and five (5) years of supervised release. Following his incarceration, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 43) pursuant to 28 U.S.C. § 2255 and a Motion for Retroactive Application of Sentencing Guidelines (ECF No. 54) pursuant to 18 U.S.C. § 3582(c)(2). On January 9, 2013, this Court issued an Order (ECF No. 64) granting Petitioner's latter motion and reducing his sentence to a term of imprisonment of one hundred (100) months. Petitioner's Section 2255 Motion remains pending before this Court along with Petitioner's Motions for Copy Work (ECF Nos. 47 & 51).

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Petitioner Samuel Edwards' Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 43) pursuant to 28 U.S.C. § 2255 is

DENIED.   Additionally, Petitioner's Motions for Copy Work (ECF Nos. 47 & 51) are DENIED as MOOT with the exception that a copy of Petitioner's docket sheet shall be mailed to the Warden of his present place of confinement, so that access to the criminal docket sheet can be made available to Petitioner in accordance with prison policy and procedures.

## **BACKGROUND**

On July 7, 2008, Sergeant Clayton observed Petitioner Samuel Edwards ("Petitioner" or "Edwards") enter the rear yard of 2802 Fox Street and remove a plastic bag from under a piece of plywood that was being used as a ramp to the rear door of the residence.   Plea Agreement, Statement of Facts, Attach. 1, ECF No. 25.   Seargant Clayton noted that a cinder block suported the plywood ramp.   *Id.*   Sergant Clayton then saw Petitioner remove a small object from a baggie that was on top of the cinder block and place it in the tongue of his shoe.   *Id.*   Based on his training and expertise, Seargeant Clayton believed this object to be drugs for use in a street-level transaction.   *Id.*   After removing the object, Petitioner was seen returning the plastic baggie to the cynder block and exiting the alley.   *Id.*   Sergeant Clayton and other officers working the area then lost sight of him.   *Id.*

Following this event, Seargant Clayton headed toward the cinder block and discovered a platic bag containing what was later determined to be 1.49 grams of crack cocaine divided into fourteen smaller zip-lock baggies.   *Id.*   These were determined to be consistent in size, packaging and weight with narcotics packeged for street sale.   *Id.*   Seargant Clayton also discovered a black bag behind the cinder block from which a Squires Bingham .22 semi-automatic long rifle, Model 16 was protruding.   *Id.*   Upon inspecting the gun,

Seargant Clayton determined that it was loaded and that the stock and barrel had been sawed off. *Id.* Later that day, police officers arrested Petitioner as he was walking on Fox Street. *Id.* The search of Petitioner's person led to the recovery of $186 in his pants pocket and of his cell phone. *Id.*

Petitioner was charged in a four-count indictment with one count of possession with intent to ditribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count I), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II), one count of possession of a firearm and ammunition by a convicted felon in violation of 26 U.S.C. § 922(g)(1) (Count III), and one count of possession of an unregistered NFA Firearm in violation of 26 U.S.C. § 5861(d) (Count IV). Indictment, ECF No. 1.  On August 20, 2009, Petitioner appeared before this Court and pled guilty to Count I of the Indictment: possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).  Petitioner also agreed to the statement of facts prepared by the government.  Re-Arraignment, ECF No. 24.  The remaining counts were dismissed on the motion of the United States and reference to the discovery of a firearm was striken from the Statement of Facts.  Judgment, ECF No. 31.  On November 5, 2009, Petitioner was sentenced to a term of imprisonment of one hundred and twenty (120) months and five (5) years of supervised release.  On January 9, 2013, this Court granted Petitioner's Motion for Retroactive Application of Sentencing Guidelines (ECF No. 54) and reduced his sentence to a term of imprisonment of one hundred (100) months pursuant to 18 U.S.C. §3582(c)(2).  *Id.*

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) the court lacked "jurisdiction to impose the sentence, . . . [(c)] the sentence was in excess of the maximum authorized by law, or [(d) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also

4

noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *See Strickland*, 466 U.S. at 697. Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal, . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.' " *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

## DISCUSSION

Petitioner Samuel Edwards ("Petitioner" or "Edwards") invokes several grounds in support of his motion to vacate his conviction and sentence. The bulk of his arguments focuses on his claim of inneffective assistance of counsel. However, Petitioner also contends that his sentence violates the Constitution and laws of the United States, that this Court lacked jurisdiction to impose the sentence; and that his sentence was in excess of the maximum authorized by law. This Court recognizes that Peitioner is *pro* se and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a) INNEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

To establish a claim of ineffective assistance of counsel, a defendant must prove both elements of the test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, the defendant must establish that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at

689.  Second, a defendant must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial."  *Id.* at 687.  To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "Ineffective assistance claims are generally not cognizable on direct appeal, however, 'unless it conclusively appears from the record that defense counsel did not provide effective representation.'"  *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (citing *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden is even greater.  In *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), the United States Court of Appeals for the Fourth Circuit explained the logic behind *Strickland* as follows:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hooper*, 845 F.2d at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Additionally, an ineffective assistance of counsel claim based upon a failure to file a motion to suppress evidence requires the Petitioner to show actual prejudice by demonstrating that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

In his motion and supplemental papers, Petitioner broadly alleges that his Fifth and Sixth Amendment rights to due process and effective assistance of counsel were violated. He claims that his guilty plea was involuntary as it was the alleged result of his counsel's misleading representations.  He further alleges that his counsel failed to file suppression of evidence motions challenging his search and arrest as well as the evidence against him. Petitioner also contends that his counsel did not defend against the government's misrepresentations concerning his past criminal history which caused him to be sentenced as a Career Offender[1] as opposed to a Class C Felon.

These allegations, however, do not sufficiently demonstrate that but for counsel's errors he would not have pled guilty or that counsel's errors were so serious as to deprive Petitioner of a fair trial.  The record indicates that Petitioner obtained a three-level reduction for his offense due to his prompt acceptance of responsibility.  The filing and arguing of pre-trial motions would have cost him a one level reduction in the final base offense level and based upon the evidence in this case it was highly unlikely that this Court would grant a motion to suppress.  The record also indicates that his counsel's efforts resulted in a waiver by the government of the filing of a 21 U.S.C. § 851 enhancement notice.  If the Petitioner had been convicted at trial, the filing of this enhancement notice would have subjected him to a mandatory penalty of thirty (30) years imprisonment.  Additionally, the government agreed to dismiss the two firearm possession charges in the indictment and to remove mention of the facts relating to the firearm evidence from the agreed upon Statement of

---

[1] The term Career Offender applies to defendants who were at least eighteen years of age at the time of the commission of the instant offense where the instant offense of conviction is a felony that is "either a crime of violence or a controlled substance offense and [ ] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance." U.S.S.G. § 4B1.1(a).

Facts attached to the Plea Agreement.

In signing the plea agreement, Petitioner admitted to being guilty of possession with intent to distribute cocaine base under 21 U.S.C. 841(a)(1). The Plea Agreement fully advised him of the maximum penalties for that offense, the elements of that offense, the applicable advisory guideline range, and more importantly, the factual and advisory guidelines stipulation and the waiver of appeal provision. Moreover, at his August 20, 2009 re-arraignment, Petitioner represented to this Court under oath that he had fully discussed the charges, the evidence against him and the possibility of trial and appeal with his counsel. *See* Hr'g Tr., ECF No. 24. He acknowledged having had the opportunity to read and discuss the plea agreement with his counsel before signing it and stated that no one had made any other or different promises or assurances to him in an effort to induce him to plead guilty in this case. *Id.* Petitioner also represented that he was fully satisfied with his attorney's representation and advice and indicated that his attorney had not failed to satisfy any of his requests. *Id.* In sum, in addition to there being no deficiency, Petitioner cannot show prejudice. There was ample evidence against him, and he cannot show a "reasonable probability" that he would have gone to trial. Accordingly, Petitioner's claim of ineffective assistance of counsel is DENIED.

b) VIOLATION OF THE CONSTITUTION AND LAWS OF THE UNITED STATES CLAIM

Petitioner also challenges his search and arrest and contends that his sentence was imposed in violation of his rights under the Fourth Amendment of the Constitution. "The scope of review under § 2255 is ordinarily limited to errors of constitutional dimension going to the fundamental fairness of the trial." *Chandler v. United States*, 332 F. Supp. 397, 402

(D.C. Md. 1971) (citing *Hall v. United States*, 410 F.2d 653, 657 (4th Cir. 1969) and *Sanders v. United States*, 230 F.2d 127 (4th Cir. 1956)).   To present a cognizable Section 2255 attack, the evidence must indicate that "a conviction is so devoid of evidentiary support as to raise a due process issue." *Chandler*, 332 F. Supp. at 402 (citing *Hall v. United States*, 410 F.2d 653, 660 (4th Cir. 1969)).   Specifically, establishing a Fourth Amendment claim in a Section 2255 motion requires a "show[ing] that the alleged wrongful seizure induced [the Petitioner's] plea or made it involuntary." *Howard v. United States*, JFM-00-3088, 2001 WL 34036596, at * 4 n.5 (D. Md. Mar. 21, 2001) (citing *Gioiosa v. United States*, 684 F.2d 176, 180-81 (1st Cir. 1982)). Petitioner's conviction was based exclusively on his plea in which he agreed to the Statement of Facts relevant to his arrest.   Although Petitioner claims that the plea was the result of his attorney's misleading statements, he does not provide any evidence to demonstrate that his attorney made such misleading statements.   In fact, the record indicates that his counsel worked diligently and successfully to alleviate the charges pending against him and ultimately his sentence.   Moreover, his submissions lack evidence that the wrongful seizure induced his plea or made it involuntary.   Accordingly, Petitioner has waived his Fourth Amendment claim and cannot collaterally attack the search and seizure on Section 2255 review.   *See United States v. Broce*, 488 U.S. 563, 569 (1989); *United States v. Johnson*, 634 F.2d 385, 386 (8th Cir.1980) (per curiam); *Ortega-Velasquez v. United States*, 465 F.2d 419, 420 (5th Cir.1972).

c) LACK OF JURISDICTION CLAIM

Plaintiff contends that this Court lacked jurisdiction over his case for two reasons. First, Petitioner claims that the statutory provision under which he was charged fails to contain language indicating interstate commerce nexus.  As mentioned above, Petitioner was

charged and pled guilty to possession with intent to distribute cocaine base under Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("Drug Act") codified at 21 U.S.C. § 841(a)(1).  Both the Supreme Court, in *Gozales v. Raich*, 545 U.S. 1, 22 (2005), and the Fourth Circuit have previously held that "the intrastate drug activities regulated by the Drug Act are clearly tied to interstate commerce."  *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1991).   Accordingly, because these courts have rejected a Commerce Clause challenge to the Drug Act, Petitioner's claim lacks legal merit and is therefore DENIED.

Second, Petitioner claims that his conviction is *void ab initio* because Public Law 80-772 was never passed or signed in the presence of a quorum or majority of both houses of Congress as required by Article 1, Section 5, Clause 1 of the Constitution.  Public Law 80-772 is the provision which enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts.  While the Fourth Circuit has not addressed this issue as of yet, other federal courts have dismissed this argument for three reasons:  "(1) the 1948 amendment to 18 U.S.C. § 32321 was properly enacted; (2) even if the 1948 amendment to § 3231 is defective, the predecessor statute to § 3231provides for jurisdiction; and (3) the "enrolled-bill rule" forbids challenge to the validity of 18 U.S.C. § 3231.' "  *Bell v. O'Brien*, 2:11cv100, 2012 WL 1108901 (Jan. 25, 2012); *see also Turner v. United States*, 09-00180-WS-C, 2011 WL 5595939 (S.D. Ala. Sept. 8, 2011); *United States v. Cunningham*, DKC-08-00215, 2009 WL 3418589 (D. Md. Oct. 20, 2009).  As such, Petitioner's claim again lacks merit and is DENIED.

d) <u>Excessive Sentence Claim</u>

With respect to his sentence, Petitioner contends that his criminal history was overrepresented and that his criminal history points were miscalculated leading to the imposition of a sentence in excess of the maximum authorized by law. He alleges that these miscalculations resulted in him being sentenced as a Career Offender as opposed to a Class C Felon. Specifically, Petitioner claims that the offense described in paragraph 31 of his Presentence Report occurred when he was 16 or 17 years old and should not have received three (3) guideline points under U.S.S.G. § 4A1.1(a). Additionally, he asserts that the sentences he received in 1998 for the offenses described in paragraphs 29 and 31 of the Presentence Report should have counted as one sentence under U.S.S.G. 4A1.2 because they were imposed on the same day and were served concurrently.

According to the Presentence Report, Petitioner was born in December of 1979 and was therefore eighteen (18) years old at the time of his arrest on July 28, 1998 for the offense described in paragraph 31 of the Report. As such, Petitioner could not have been a minor at that time and that offense appropriately figures in the "Adult Criminal Convictions" section of the presentence report. Additionally, "[t]he mere imposition of concurrent sentences does not result in two convictions being counted as one." *Barba v. United States*, RWT-06-131, 2012 WL 4479976, at * 3 (D. Md. Sept. 2012) (citing *United States v. Flores,* 875. F.2d 1110, 1114 (5th Cir. 1989); *United States v. Rivers*, 929 F.2d 136, 138 (4th Cir. 1991)). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A 1.2(a)(1)(2). The Presentence Report

indicates that Petitioner was arrested on June 4, 1998 for the offense described in paragraph 29 and on July 28, 1998 for offense described in paragraph 31. While Petitioner was in fact sentenced on the same day for these two crimes and served concurrent sentences, there was an intervening arrest. As such, these two convictions were appropriately counted as separate offenses.

Moreover, the record reflects that this Court exercised its discretion and some leniency in sentencing Petitioner at the lowest end of the sentencing range applicable to a base offense level of 26. Most recently, Petitioner's sentence was further reduced to 100 months with no opposition from the government. Accordingly, Petitioner's overrepresentation of criminal history and miscalculation of imposed sentence claims are DENIED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 43) pursuant to 28 U.S.C. § 2255 is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner Samuel Edwards' Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 43) pursuant to 28 U.S.C. § 2255 is DENIED. Additionally, Petitioner's Motions for Copy Work (ECF Nos. 47 & 51) are DENIED as MOOT with the exception that a copy of Petitioner's docket sheet shall be mailed to the Warden of his present place of confinement, so that access to the criminal docket sheet can be made available to Petitioner in accordance with prison policy and procedures.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        January 29, 2013

                                                          /s/
                                                          Richard D. Bennett
                                                          United States District Judge